IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 22-CV-194-RAW |
| | ) |
| LANCE POWERS, *et.al.*, | ) |
| | ) |
| Defendants, | ) |

## ORDER

Before the court are Plaintiff's Motion for Injunction to Stay [Docket No. 27] and Motions for Entry of Default by the Clerk [Docket Nos. 32 and 37], and Defendant Choctaw Nation's Motion to Dismiss [Docket No. 38] and Defendant Chickasaw Nation's Motion to Dismiss [Docket No. 44].

The court first addresses the Plaintiff's Motions for Entry of Default by the Clerk pursuant to Rule 55(b)(1). The motions indicate that Plaintiff is entitled to an entry of default based on Defendant's failure to respond to the Complaint. Default judgments are generally disfavored in light of the policy that cases should be decided on their merits whenever possible. *In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991). The entry of a default is committed to the sound discretion of the Court. *Tripodi v. Welch*, 810 F.3d. 761, 764 (10th Cir. 2016). The court may consider a variety of factors in the exercise of such discretion, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; … (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus v. Reynolds*,

965 F.2d 916, 921 (10th Cir. 1992) (internal citations omitted).[*]  The parties have all responded to the Second Amended Complaint and the case is at issue to be determined on the merits. Accordingly, the motions for default [Docket Nos. 32 and 37] are denied.

With regard to the Motion for Injunction to Stay, Plaintiff requests the court issue an order staying the state court quiet title proceedings in Garvin County, State of Oklahoma.  The Anti-Injunction Act prohibits a federal court from staying proceedings in a state court except (1) when expressly authorized by Congress, (2) when necessary in aid of federal court jurisdiction or (3) to protect or effectuate a federal court judgment.  28 U.S.C. § 2283.  See also *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746 (1971).  Plaintiff contends his request is based upon an exception to the prohibition as necessary in aid of federal court jurisdiction because Defendants continue to make "frivolous and duplicate filings in the state court proceeding while refusing to answer the complaint in this case."  Defendants have answered the complaint in this matter and the court finds that the cited exception does not apply.  Therefore, the motion for injunction to stay [Docket No. 27] is denied.

The Choctaw Nation and the Chickasaw Nation have both filed Motions to Dismiss [Docket Nos. 38 and 44] on grounds including failure to state a claim upon which relief can be granted, lack of subject matter jurisdiction, sovereign immunity and lack of standing.  In his response to the motions [Docket No. 54], Plaintiff states that he does not object to the Choctaw Nation and the Chickasaw Nation being dismissed from this action.  Accordingly, the motions to dismiss are deemed confessed and granted as to the Choctaw Nation and the Chickasaw Nation and they are hereby dismissed from this case.

---

[*] Although the *Ehrenhaus* test was born from a decision to dismiss as case, it is equally applicable to motions for default judgment." 2024 WL 24094  (W.D. Okla. January 2, 2024) *See also* Tom v. S.B., Inc., 280 F.R.D. 603, 610 (D.N.M. 2012) (*citing* Lee v. Max Int'l, LLC, 638 F.3d 1318, 1323 (10th Cir. 2011)).

For the reasons set forth above, Plaintiff's Motion for Injunction to Stay [27] is denied. Plaintiff's Motions for Default by the Clerk are denied [32, 37]. Defendant Choctaw Nation's Motion to Dismiss [38] is granted with respect to the Nation itself. Defendant Chickasaw Nation's Motion to Dismiss [44] is granted with respect to the Nation itself. The Choctaw and Chickasaw Nations are hereby dismissed from this action.

IT IS SO ORDERED this 24th day of January, 2024.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE